JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER

**DEFENDANTS**

STEVEN FISHER, M.D.; MARGO TURNER, M.D.; ANSHISH H. JANI, M.D.; KRISTINA MARTINEZ, CRNP; BHUVIN BUDDHDEV, M.D.; EUN KYUNG KOH, MANOJ MUTTREJA, M.D.; ET AL.

**(b)**  County of Residence of First Listed Plaintiff  **BALTIMORE COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES E. HOCKENBERRY, ESQUIRE, 175 BUSTLETON PIKE, FEASTERVILLE, PA  19053 (215) 953-2730, EXT. 2311

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC SECTION 1332 (DIVERSITY OF CITIZENSHIP)

Brief description of cause:
MEDICAL MALPRACTICE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
06/04/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**ROVNER, ALLEN, ROVNER, ZIMMERMAN & NASH**
By:    Joseph S. Lukomski, Esquire
I.D. No.: 28532
James E. Hockenberry, Esquire
I.D. No.: 91133
175 Buslteton Pike                                   *Counsel for Plaintiffs*
Feasterville, PA 19053
215-953-2730, ext. 2311
hockenj@dial-law.com

_____

GARY B. FREEDMAN, ESQUIRE,          )
Administrator of the ESTATE OF       )     **UNITED STATES DISTRICT COURT**
ABRAHAM STRIMBER, deceased            )      **EASTERN DISTRICT OF**
Freedman & Grinshpun, P.C.           )     **PENNSYLVANIA**
7909 Bustleton Avenue                )
Philadelphia, PA 19152               )     No.:

and                                  )

BRACHA STRIMBER                      )
3117 Northbrook Road                 )
Pikesville, MD 21208                 )

Plaintiffs,                          )

              v.                     )

STEVEN FISHER, M.D.                  )
c/o Abington Emergency Physician      )
Associates                           )
AMH Emergency Trauma Center          )
1200 Old York Road                   )
Abington, PA 19001                   )

and                                  )

MARGO TURNER, M.D.                   )
c/o Abington Memorial Hospital        )
1200 Old York Road                   )
Abington, PA 19001                   )

and                                  )

ASHISH H. JANI, M.D.                 )
c/o Abington Memorial Hospital        )
1200 Old York Road                   )
Abington, PA 19001

and                                              )

KRISTINA A. MARTINEZ, CRNP                       )
c/o Abington Memorial Hospital
1200 Old York Road                               )
Abington, PA 19001
                                                 )
and
                                                 )

BHUVIN M. BUDDHDEV, M.D.                          )
c/o Abington Memorial Hospital
1200 Old York Road                               )
Abington, PA 19001
                                                 )
and
                                                 )

EUN KYUNG KOH, M.D.                               )
c/o Abington Memorial Hospital
1200 Old York Road                               )
Abington, PA 19001
                                                 )
and
                                                 )

MANOJ R. MUTTREJA, M.D.                           )
c/o Abington Medical Specialists
Association, P.C., d/b/a Abington                 )
Medical Specialists and d/b/a
AMS Cardiology                                    )
1235 Old York Road
Levy Medical Plaza, Suite 222                    )
Abington, PA 19001
                                                 )
and

ABINGTON MEDICAL SPECIALISTS )
ASSOCIATION, P.C., d/b/a
ABINGTON MEDICAL                                 )
SPECIALISTS, and d/b/a AMS
CARDIOLOGY                                       )
1235 Old York Road
Levy Medical Plaza, Suite 222                    )
Abington, PA 19001
                                                 )
and

                                                 )

ABINGTON EMERGENCY
PHYSICIAN ASSOCIATES          )
c/o AMH Emergency Trauma
Center                        )
1200 Old York Road
Abington, PA 19001            )

and                           )

ABINGTON MEMORIAL HOSPITAL    )
1200 Old York Road
Abington, PA 19001            )

Defendants.                   )

_____

## PLAINTIFFS' CIVIL ACTION COMPLAINT

I.    INTRODUCTION

1.    This case involves medical negligence that occurred on 2/22/2012 while Abraham Strimber, (hereafter "Decedent"), was a patient at Abington Memorial Hospital in the Emergency Department and after being admitted to the Internal Medicine service.   On that date, the licensed professionals involved in Decedent's care failed to diagnose and treat Decedent properly and within the standards of care required of them, leading to Decedents' death as a result of a ruptured ascending aortic aneurysm on that same date.   Plaintiffs bring this action pursuant to their authority as personal representatives of the Estate of Abraham Strimber pursuant 20 Pa.C.S.A §3373 and 42 Pa.C.S.A. §8302. Plaintiff Bracha Strimber, as the surviving spouse of Abraham Strimber, also brings this action individually.

II.    JURISDICTION AND VENUE

2.    This Court has original jurisdiction pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between citizens of different states as plaintiff, Bracha Strimber, Decedent's surviving spouse, is a resident of the state of Maryland.   In addition, Plaintiff, Gary B. Freedman, Esquire, the Administrator of Decedent's estate, is deemed a citizen of Maryland for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(c)(2), as the Decedent was a citizen of Maryland at the time of his death on 2/22/2012.

3.      Venue in the Eastern District of Pennsylvania is proper as at least one (1) of the defendants resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

III.   PARTIES

4.      Plaintiff, Gary B. Freedman, Esquire, is an attorney licensed to practice law in the Commonwealth of Pennsylvania and is the personal representative/Administrator of the Estate of Abraham Strimber, pursuant to Letters of Administration issued by the Register of Wills for Philadelphia County on 11/14/2012, with an address of 7909 Bustleton Avenue, Philadelphia, Pennsylvania.

5.      Plaintiff, Bracha Strimber, is an adult individual and the surviving spouse of the Decedent, Abraham Strimber, residing at 3117 Northbrook Road, Pikesville, Maryland.

6.      Defendant, Steven Fisher, M.D., (hereafter "Dr. Fisher"), is an adult individual and licensed physician, who at the time of the alleged negligence on 2/22/2012, set forth more fully herein, purported to specialize in emergency medicine, and has a principal place of business at c/o Abington Emergency Physicians Associates, AMH Trauma Center, 1200 Old York Road, Abington,

Pennsylvania.   At all times material and relevant hereto, Dr. Fisher was the

employee and/or agent and/or ostensible agent and/or apparent agent of each

of the other defendants in this matter, and his negligent acts and/or omissions

are imputed to said defendants.   Plaintiff is asserting a professional liability

claim against this defendant.

7.      Defendant, Margot Turner, M.D., (hereafter "Dr. Turner"), is an

adult individual and licensed physician, who at the time of the alleged negligence

on 2/22/2012, set forth more fully herein, purported to specialize in Internal

Medicine, and has a principal place of business at c/o Abington Memorial

Hospital, 1200 Old York Road, Abington, Pennsylvania.    At all times material

and relevant hereto, Dr. Turner was the employee and/or agent and/or

ostensible agent and/or apparent agent of each of the other defendants in this

matter, and his negligent acts and/or omissions are imputed to said defendants.

Plaintiff is asserting a professional liability claim against this defendant.

8.      Defendant, Ashish H. Jani, M.D., (hereafter "Dr. Jani"), is an adult

individual and at the time of the alleged negligence on 2/22/12 was a licensed

physician as a "Graduate Medical Trainee" with a principal place of business at

c/o Abington Memorial Hospital, 1200 Old York Road, Abington, Pennsylvania.

At all times material and relevant hereto, Dr. Jani was the employee and/or

agent and/or ostensible agent and/or apparent agent of each of the other

defendants in this matter, and his negligent acts and/or omissions are imputed

to said defendants.   Plaintiff is asserting a professional liability claim against

this defendant.

9.     Defendant Kristina A. Martinez, CRNP, (hereafter "NP Martinez"), is an adult individual and certified registered nurse practitioner, with a principal place of business at c/o Abington Memorial Hospital- Department of Medicine, 1200 Old York Road, Abington, Pennsylvania.    At all times material and relevant hereto, NP Martinez was the employee and/or agent and/or ostensible agent and/or apparent agent of each of the other defendants in this matter, and his negligent acts and/or omissions are imputed to said defendants.    Plaintiff is asserting a professional liability claim against this defendant.

10.     Defendant Bhuvin M. Buddhdev, M.D., (hereafter "Dr. Buddhdev"), is an adult individual and licensed physician as "Graduate Medical Trainee" with a principal place of business at c/o Abington Memorial Hospital, 1200 Old York Road, Abington, Pennsylvania.    At all times material and relevant hereto, Dr. Buddhdev was the employee and/or agent and/or ostensible agent and/or apparent agent of each of the other defendants in this matter, and his negligent acts and/or omissions are imputed to said defendants.    Plaintiff is asserting a professional liability claim against this defendant.

11.     Defendant Eun Kyung Koh, M.D., (hereafter "Dr. Koh"), is an adult individual and licensed physician as "Graduate Medical Trainee" with a principal place of business at c/o Abington Memorial Hospital, 1200 Old York Road, Abington, Pennsylvania.    At all times material and relevant hereto, Dr. Koh was the employee and/or agent and/or ostensible agent and/or apparent agent of each of the other defendants in this matter, and his negligent acts and/or omissions are imputed to said defendants.    Plaintiff is asserting a professional liability claim against this defendant.

12.     Defendant Manoj R. Muttreja, M.D., (hereafter "Dr. Muttreja"), is an adult individual and licensed physician who at the time of the alleged negligence on 2/22/2012, set forth more fully herein, purported to specialize in Cardiology, and has a principal place of business at c/o Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists and d/b/a AMS Cardiology, 1235 Old York Road, Levy Medical Plaza, Suite 222, Abington, Pennsylvania.   At all times material and relevant hereto, Dr. Muttreja was the employee and/or agent and/or ostensible agent and/or apparent agent of each of the other defendants in this matter, and his negligent acts and/or omissions are imputed to said defendants.   Plaintiff is asserting a professional liability claim against this defendant.

13.     Defendant Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, (hereafter "AMS"), is a corporation, fictitious name, or other similar entity, organized and/or existing under the laws of the Commonwealth of Pennsylvania, and is engaged in the business of providing healthcare and related services to the general public, and at all times material and relevant hereto maintained a principle place of business at 1235 Old York Road, Levy Medical Plaza, Suite 222, Abington, Pennsylvania.   At all times material and relevant hereto said defendant acted through its agents, ostensible agents, servants, workmen, and/or employees, specifically including Dr. Muttreja, each of whose negligent acts and/or omissions are imputed to AMS.   Plaintiff is asserting a professional liability claim against this defendant.

14.    Defendant Abington Emergency Physicians Associates is a corporation, fictitious name, or other similar entity, organized and/or existing under the laws the Commonwealth of Pennsylvania, and is engaged in the business of providing healthcare and related services to the general public, and at all times material and relevant hereto maintained a principle place of business at c/o AMH Trauma Center, 1200 Old York Road, Abington, Pennsylvania.   At all times material and relevant hereto said defendant acted through its agents, ostensible agents, servants, workmen, and/or employees, specifically including Dr. Fisher, whose negligent acts and/or omissions are imputed to AMS. Plaintiff is asserting a professional liability claim against this defendant.

15.    Defendant Abington Memorial Hospital, (hereafter "AMH"), is, upon information and belief, a corporation, or other entity, organized and/or existing under the laws of the Commonwealth of Pennsylvania, and is engaged in the business of providing healthcare and related services to the general public, and at all times material and relevant hereto maintained a principle place of business at 1200 Old York Road, Abington,   Pennsylvania.   At all times material and relevant hereto, AMH acted through its agents, apparent agents, ostensible agents, servants, workmen, and/or employees, specifically including each defendant named herein, all of whose negligent acts and/or omissions are imputed to AMH.   Plaintiff is asserting a professional liability claim against this defendant.

IV.    ALLEGATIONS

16.    The paragraphs and allegations stated above are incorporated herein by reference and made a part hereof as if set forth in full.

17.     Decedent, Abraham Strimber, a 61 year old male, presented to the Abington Memorial Hospital Emergency Room at 11:42 a.m. on 2/22/2012 with multiple complaints, including the abrupt onset, after loading his car, of the sensation that he had a lid of a paint can that began in his epigastrum and slammed up into his jaw and then came down and continues to compress on his abdomen.

18.     The assessment performed by triage nurse Lori Ischinger, RN, at 11:45 a.m. stated that Decedent "here w/ c/o legs vibrating and and feels like is going to explode."   Nurse Ischinger is an agent of all defendants.

20.     Nurses Lynne Stelaris, R.N. and Perry Benedict, R.N. also provided emergency department triage and/or care to Decedent and they were agents of all defendants.

21.     Decedent reported his past medical history as significant for hypertension and mitral and aortic valve replacement.

22.     Cardiac valve replacement is a risk factor for an aortic aneurysm.

23.     The emergency department nursing assessment noted:

    a.     "[patient] states he was walking up the driveway after loading things in the car felt 'a rising metallic feeling like someone put a pain can in my stomachs and the lid was rising up into my throat'.   Wife states became pale and clammy.   Denies syncope. [Patient] had 2 episodes of diarrhea and + nausea. C/o abd distention and pain radiating to back."

    b.     "Patient denies chest pain"

    c.    "Abdominal pain is diffuse, Pain radiates to back, Abdomen is distended";

24.    Upon physical examination, Dr. Fisher noted the following findings:

    a.    systolic click;

    b.    epigastric tenderness; and,

    c.    aortic pulsation;

25.    Additionally, Dr. Fisher noted that "[t]he exact precipitant of the Patient's pain remained unclear.   I was worried based upon his examination that he could have a AAA.   This did not appear to be the case.   The patient did not receive IV contrast as he has a significant allergy to IV dye.   Ultimately, the patient was admitted given our uncertainty as to the patient's pain.   He was clearly uncomfortable.   The patient's case was discussed at length with the hospitalist who admitted the patient."

26.    Upon information and belief, the hospitalist who discussed the patient's case was an agent of Defendants.

27.    Dr. Turner performed a History & Physical at approximately 4:09 p.m. on 2/22/12 while Decedent was in the emergency department, and noted the following:

    a.    "Chief Complaint: chest/epigastric/back pain, n/v/d"

    b.    that Decedent takes Warfarin at home in doses ranging from 5 to 7.5 mg daily dependent upon INR results, which increases the likelihood and severity of bleeding;

    c.    Lab results noting PTT of 40 and INR of 2.8

    d.    CT scan of abdomen and pelvis showed no *abdominal* aortic aneurysm or any evidence of dissection; and,

    e.    that Decedent had a history of valve replacement surgery;

28.    No thoracic CT scan was ever ordered or completed for Decedent.

29.    Warfarin is a blood thinning medication that worsens bleeding and the likelihood to bleed.

30.    At approximately 6:30 p.m., following Decedent's admission to the internal medicine service, he was seen and examined by Dr. Muttreja, a cardiologist.

31.    Dr. Muttreja's *Consultation Report* notes that the "Reason for Consult" as "back pain h/o AVR."

32.    Dr. Muttreja further noted that Decedent was admitted with "back pain epigastric pain" and that Decedent complained of "N/V + back pain."

33.    Dr. Muttreja's assessment stated that Decedent was "stable" regarding his cardiovascular issues" and that doubts acute coronary syndrome based upon cardiac markers and EKG, but recommended an echocardiogram.

34.    At approximately 8:31 p.m. on the evening of 2/22/2012, NP Martinez was notified by the telemetry nurse of a "change in condition" of Decedent, specifically of a heart rate of 49 and ST changes.

35.    NP Martinez rendered care and treatment to Decedent as follows:

    a.    ordering sublingual Nitroglycerin at 8:40 p.m.

    b.    ordering aspirin at 9:01 p.m.

    c.    ordering Decadron (Dexamethasone ) at 9:01 p.m.

    d.    ordering Leukoreduced Packed Red Blood Cells at 9:01 p.m.

e.   an EKG, nitroglycerin, SL & cardiac enzymes later that evening.

36.   At approximately 9:34 p.m. Decedent was taken to the Cardiac Catheterization Lab for urgent catheterization.

37.   Dr. Watson arrived to perform the catheterization procedure at approximately 9:38 p.m.

38.   Dr. Watson found no obstructive coronary artery disease, however concluded that Decedent suffered "[c]ardiogenic shock due to ruptured ascending aortic aneurysm with fistula to Right atrium/pericardium presumably" and "[p]ossible acute pericardial tamponade," and that the patient expired.

39.   Decedent's ascending aortic aneurysm was located in his thorax.

40.   Dr. Watson spoke with Dr. Garrido, a cardothoracic surgeon following his findings, but noted that "it was futile to attempt to open this thorax."

41.   Following efforts at cardiopulmonary resuscitation, the patient was pronounced dead at 10:49 p.m.

42.   Following Decedent's admission to the Internal Medicine service at Abington Memorial Hospital, he was examined and/or treated by Dr. Turner, Dr. Jani, Dr. Koh, NP Martinez, and Dr. Buddhdev, each of whom had access to Decedent's hospital chart that was created upon arrival in the Abington Memorial Hospital Emergency Department.

43.   At all times while Decedent was under the care of each and every defendant he was suffering from a thoracic aortic aneurysm and/or dissection.

44.     None of the defendants ordered, completed and/or performed a thoracic CT scan, chest x-ray, thoracic ultrasound, thoracic MRI, trans-esophogeal echocardiogram, or trans-thoracic echocardiogram upon Decedent nor did they timely diagnose an aortic aneurysm.

## COUNT I - PROFESSIONAL NEGLIGENCE
## GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. STEVEN FISHER, M.D.

45.     Paragraphs one (1) through forty-four (44) are incorporated by reference hereat as if set forth at length.

46.     At all time material and relevant hereto, defendant, Dr. Fisher, the agent, ostensible agent, apparent agent, workman, employee, and/or servant of Abington Emergency Physicians Associates and/or Abington Memorial Hospital, failed to exercise the care, skill, and/or judgment of a reasonable healthcare provider under the circumstances, and this negligent and careless acts and/or omissions fell below the applicable standard of care in the following manner:

    a.      failing to properly diagnose Decedent;

    b.      failing to timely diagnose Decedent;

    c.      failing to properly treat Decedent;

    d.      failing to timely treat Decedent;

    e.      failing to timely diagnose an aortic aneurysm and/or dissection;

    f.      failing to timely treat an aortic aneurysm and/or dissection;

    g.      failing to timely order and obtain a surgical consultation;

    h.      failing to timely surgically treat an aortic aneurysm and/or dissection;

    i.      failing to timely medically treat an aortic aneurysm and/or dissection;

    j.      failing to order and/or complete proper radiology studies to evaluate Decedent's complaints;

    k.      failing to properly appreciate Decedent's risks and complaints as potentially related to an aortic aneurysm and/or dissection;

    l.      failing to order and/or perform a CT scan of Decedent's chest/thorax;

    m.      failing to order and/or perform a Trans-Esophageal Echocardiogram (TEE);

    n.      failing to order and/or perform a Trans-Thoracic Echocardiogram (TTE);

    o.      failing to order and/or perform an MRI or CT scan of Decedent's chest/thorax;

    p.      failing to order and obtain cardiothoracic surgical consult;

    q.      failing to order and obtain a consult by a cardiologist;

    r.      failing to recognize the signs, symptoms, and risk factors of a thoracic aortic aneurysm and/or dissection;

    s.      failing to order and obtain an ultrasound;

    t.      failing to order and obtain a chest x-ray;

    u.      failing to properly and/or timely intervene in Decedent's care to prevent his aortic aneurysm and/or dissection from bleeding and/or rupturing;

    v.    failing to properly and/or timely intervene in Decedent's care to prevent his death; and

    w.    failing to timely and/or properly communicate with other physicians/nurses regarding the care and treatment of Decedent.

47.    The careless and negligent acts and/or omissions of Dr. Fisher, which acts and/or omissions are imputed to Abington Emergency Physicians Associates and/or Abington Memorial Hospital, deviated from accepted standards of medical care, increased the risk of harm to the Decedent, and/or was a substantial factor and/or was a factual cause of said Decedent's suffering the following injuries and damages:

    a.    death;

    b.    pain and suffering;

    c.    past mental anguish;

    d.    cardiac tamponade;

    e.    loss of ability to enjoy the pleasures of life;

    f.    financial loss, general expenses, funeral expenses, and bills;

    g.    the loss of the Decedent's companionship, guidance, nurture, and tutelage;

    h.    as a result of the death of Abraham Strimber, his estate has been deprived of the economic value of his life expectancy, and Plaintiffs herein claim damages for said pecuniary loss; and,

    f.    such other valuables and damages as are appropriately allowed by Pennsylvania law under the Wrongful Death and Survival statutes, respectively, 42 Pa.C.S.A. §§8301, 8302.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT II - PROFESSIONAL NEGLIGENCE
## GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. MARGO TURNER, M.D.

48.    Paragraphs one (1) through forty-seven (47) above are incorporated by reference hereat as if set forth at length.

49.    Following Decedent's admission to the Internal Medicine service at Abington Memorial Hospital, he was examined and/or treated by Dr. Turner, who had access to Decedent's hospital chart that was created upon arrival in the Abington Memorial Hospital Emergency Department.

50.    At all time material and relevant hereto, Dr. Turner was an agent, ostensible agent, apparent agent, workman, employee, and/or servant of Abington Memorial Hospital, and failed to exercise the care, skill, and/or judgment of a reasonable healthcare provider under the circumstances, and her

negligent and careless acts and/or omissions fell below the applicable standard of care in the following manner:

    a.    failing to properly diagnose Decedent;

    b.    failing to timely diagnose Decedent;

    c.    failing to properly treat Decedent;

    d.    failing to timely treat Decedent;

    e.    failing to timely diagnose an aortic aneurysm and/or dissection;

    f.    failing to timely treat an aortic aneurysm and/or dissection;

    g.    failing to timely order and obtain a surgical consultation;

    h.    failing to timely surgically treat an aortic aneurysm and/or dissection;

    i.    failing to timely medically treat an aortic aneurysm and/or dissection;

    j.    failing to order and/or complete proper radiology studies to evaluate Decedent's complaints;

    k.    failing to properly appreciate Decedent's risks and complaints as potentially related to an aortic aneurysm and/or dissection;

    l.    failing to order and/or perform a CT scan of Decedent's chest/thorax;

    m.    failing to order and/or perform a Trans-Esophageal Echocardiogram (TEE);

n.   failing to order and/or perform a Trans-Thoracic Echocardiogram (TTE);

o.   failing to order and/or perform an MRI or CT scan of Decedent's chest/thorax;

p.   failing to order and obtain cardiothoracic surgical consult;

q.   failing to order and obtain a consult by a cardiologist;

r.   failing to recognize the signs, symptoms, and risk factors of a thoracic aortic aneurysm and/or dissection;

s.   failing to order and obtain an ultrasound;

t.   failing to order and obtain a chest x-ray;

u.   failing to properly and/or timely intervene in Decedent's care to prevent his aortic aneurysm and/or dissection from bleeding and/or rupturing;

v.   failing to properly and/or timely intervene in Decedent's care to prevent his death; and

w.   failing to timely and/or properly communicate with other physicians/nurses regarding the care and treatment of Decedent.

51.   The careless and negligent acts and/or omissions of Dr. Turner, which acts and/or omissions are imputed to Abington Memorial Hospital, deviated from accepted standards of medical care, increased the risk of harm to the Decedent, and/or was a substantial factor and/or was a factual cause of said Decedent's  suffering the injuries and/or damages set forth in ¶47 above and incorporated by reference hereat.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT III - PROFESSIONAL NEGLIGENCE
## GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. ASHISH H. JANI, M.D.

52.   Paragraphs one (1) through fifty-two (52) above are incorporated by reference hereat as if set forth at length.

53.   Following Decedent's admission to the Internal Medicine service at Abington Memorial Hospital, he was examined and/or treated by Dr. Jani, who had access to Decedent's hospital chart that was created upon arrival in the Abington Memorial Hospital Emergency Department.

54.   At all time material and relevant hereto, Dr. Jani was an agent, ostensible agent, apparent agent, workman, employee, and/or servant of Abington Memorial Hospital, and failed to exercise the care, skill, and/or judgment of a reasonable healthcare provider under the circumstances, and his negligent and careless acts and/or omissions fell below the applicable standard of care in the following manner:

      a.   failing to properly diagnose Decedent;

      b.   failing to timely diagnose Decedent;

c. failing to properly treat Decedent;

d. failing to timely treat Decedent;

e. failing to timely diagnose an aortic aneurysm and/or dissection;

f. failing to timely treat an aortic aneurysm and/or dissection;

g. failing to timely order and obtain a surgical consultation;

h. failing to timely surgically treat an aortic aneurysm and/or dissection;

i. failing to timely medically treat an aortic aneurysm and/or dissection;

j. failing to order and/or complete proper radiology studies to evaluate Decedent's complaints;

k. failing to properly appreciate Decedent's risks and complaints as potentially related to an aortic aneurysm and/or dissection;

l. failing to order and/or perform a CT scan of Decedent's chest/thorax;

m. failing to order and/or perform a Trans-Esophageal Echocardiogram (TEE);

n. failing to order and/or perform a Trans-Thoracic Echocardiogram (TTE);

o. failing to order and/or perform an MRI or CT scan of Decedent's chest/thorax;

p. failing to order and obtain cardiothoracic surgical consult;

q.   failing to order and obtain a consult by a cardiologist;

r.   failing to recognize the signs, symptoms, and risk factors of a thoracic aortic aneurysm and/or dissection;

s.   failing to order and obtain an ultrasound;

t.   failing to order and obtain a chest x-ray;

u.   failing to properly and/or timely intervene in Decedent's care to prevent his aortic aneurysm and/or dissection from bleeding and/or rupturing;

v.   failing to properly and/or timely intervene in Decedent's care to prevent his death; and

w.   failing to timely and/or properly communicate with other physicians/nurses regarding the care and treatment of Decedent.

55.   The careless and negligent acts and/or omissions of Dr. Jani, which acts and/or omissions are imputed to Abington Memorial Hospital, deviated from accepted standards of medical care, increased the risk of harm to the Decedent, and/or was a substantial factor and/or was a factual cause of said Decedent's   suffering the injuries and/or damages set forth in ¶47 above and incorporated by reference hereat.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical

Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians

Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an

amount in excess of $75,000, exclusive of interest and costs.

### COUNT IV - PROFESSIONAL NEGLIGENCE
**GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. KRISTINA A. MARTINEZ, CRNP**

56.     Paragraphs one (1) through fifty-five (55) above are incorporated

by reference hereat as if set forth at length.

57.     Following Decedent's admission to the Internal Medicine service at

Abington Memorial Hospital, he was examined and/or treated by NP Martinez,

who had access to Decedent's hospital chart that was created upon arrival in the

Abington Memorial Hospital Emergency Department.

58.     At all time material and relevant hereto, NP Martinez was an agent,

ostensible agent, apparent agent, workman, employee, and/or servant of

Abington Memorial Hospital, and failed to exercise the care, skill, and/or

judgment of a reasonable healthcare provider under the circumstances, and her

negligent and careless acts and/or omissions fell below the applicable standard

of care in the following manner:

      a.     failing to properly diagnose Decedent;

      b.     failing to timely diagnose Decedent;

      c.     failing to properly treat Decedent;

      d.     failing to timely treat Decedent;

      e.     failing to timely diagnose an aortic aneurysm and/or

           dissection;

f.    failing to timely treat an aortic aneurysm and/or dissection;

g.    failing to timely order and obtain a surgical consultation;

h.    failing to timely surgically treat an aortic aneurysm and/or dissection;

i.    failing to timely medically treat an aortic aneurysm and/or dissection;

j.    failing to order and/or complete proper radiology studies to evaluate Decedent's complaints;

k.    failing to properly appreciate Decedent's risks and complaints as potentially related to an aortic aneurysm and/or dissection;

l.    failing to order and/or perform a CT scan of Decedent's chest/thorax;

m.    failing to order and/or perform a Trans-Esophageal Echocardiogram (TEE);

n.    failing to order and/or perform a Trans-Thoracic Echocardiogram (TTE);

o.    failing to order and/or perform an MRI or CT scan of Decedent's chest/thorax;

p.    failing to order and obtain cardiothoracic surgical consult;

q.    failing to order and obtain a consult by a cardiologist;

r.    failing to recognize the signs, symptoms, and risk factors of a thoracic aortic aneurysm and/or dissection;

s.    failing to order and obtain an ultrasound;

t.   failing to order and obtain a chest x-ray;

u.   failing to properly and/or timely intervene in Decedent's care
to prevent his aortic aneurysm and/or dissection from
bleeding and/or rupturing;

v.   failing to properly and/or timely intervene in Decedent's care
to prevent his death; and

w.   failing to timely and/or properly communicate with other
physicians/nurses regarding the care and treatment of
Decedent.

59.   The careless and negligent acts and/or omissions of NP Martinez,
which acts and/or omissions are imputed to Abington Memorial Hospital,
deviated from accepted standards of medical care, increased the risk of harm to
the Decedent, and/or was a substantial factor and/or was a factual cause of said
Decedent's   suffering the injuries and/or damages set forth in ¶47 above and
incorporated by reference hereat.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha
Strimber, respectfully demand judgment in their favor, and against Steven B.
Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez,
CRNP, M.D., Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R.
Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington
Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency
Physicians Associates, and/or Abington Memorial Hospital, jointly and/or
severally, in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT V - PROFESSIONAL NEGLIGENCE
## GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. BHUVIN M. BUDDHDEV, M.D.

60.     Paragraphs one (1) through fifty-nine (59) above are incorporated by reference hereat as if set forth at length.

61.     Following Decedent's admission to the Internal Medicine service at Abington Memorial Hospital, he was examined and/or treated by Dr. Buddhdev, who had access to Decedent's hospital chart that was created upon arrival in the Abington Memorial Hospital Emergency Department.

62.     At all time material and relevant hereto, Dr. Buddhdev was an agent, ostensible agent, apparent agent, workman, employee, and/or servant of Abington Memorial Hospital, and failed to exercise the care, skill, and/or judgment of a reasonable healthcare provider under the circumstances, and his negligent and careless acts and/or omissions fell below the applicable standard of care in the following manner:

     a.    failing to properly diagnose Decedent;

     b.    failing to timely diagnose Decedent;

     c.    failing to properly treat Decedent;

     d.    failing to timely treat Decedent;

     e.    failing to timely diagnose an aortic aneurysm and/or dissection;

     f.    failing to timely treat an aortic aneurysm and/or dissection;

     g.    failing to timely order and obtain a surgical consultation;

h.      failing to timely surgically treat an aortic aneurysm and/or dissection;

i.      failing to timely medically treat an aortic aneurysm and/or dissection;

j.      failing to order and/or complete proper radiology studies to evaluate Decedent's complaints;

k.      failing to properly appreciate Decedent's risks and complaints as potentially related to an aortic aneurysm and/or dissection;

l.      failing to order and/or perform a CT scan of Decedent's chest/thorax;

m.      failing to order and/or perform a Trans-Esophageal Echocardiogram (TEE);

n.      failing to order and/or perform a Trans-Thoracic Echocardiogram (TTE);

o.      failing to order and/or perform an MRI or CT scan of Decedent's chest/thorax;

p.      failing to order and obtain cardiothoracic surgical consult;

q.      failing to order and obtain a consult by a cardiologist;

r.      failing to recognize the signs, symptoms, and risk factors of a thoracic aortic aneurysm and/or dissection;

s.      failing to order and obtain an ultrasound;

t.      failing to order and obtain a chest x-ray;

u.   failing to properly and/or timely intervene in Decedent's care to prevent his aortic aneurysm and/or dissection from bleeding and/or rupturing;

v.   failing to properly and/or timely intervene in Decedent's care to prevent his death; and

w.   failing to timely and/or properly communicate with other physicians/nurses regarding the care and treatment of Decedent.

63.   The careless and negligent acts and/or omissions of Dr. Buddhdev, which acts and/or omissions are imputed to Abington Memorial Hospital, deviated from accepted standards of medical care, increased the risk of harm to the Decedent, and/or was a substantial factor and/or was a factual cause of said Decedent's  suffering the injuries and/or damages set forth in ¶47 above and incorporated by reference hereat.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT VI - PROFESSIONAL NEGLIGENCE
### GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. EUN KYUNG KOH, M.D.

64.    Paragraphs one (1) through fifty-three (53) above are incorporated by reference hereat as if set forth at length.

65.    Following Decedent's admission to the Internal Medicine service at Abington Memorial Hospital, he was examined and/or treated by Dr. Koh, who had access to Decedent's hospital chart that was created upon arrival in the Abington Memorial Hospital Emergency Department.

66.    At all time material and relevant hereto, Dr. Koh was an agent, ostensible agent, apparent agent, workman, employee, and/or servant of Abington Memorial Hospital, and failed to exercise the care, skill, and/or judgment of a reasonable healthcare provider under the circumstances, and his negligent and careless acts and/or omissions fell below the applicable standard of care in the following manner:

    a.    failing to properly diagnose Decedent;

    b.    failing to timely diagnose Decedent;

    c.    failing to properly treat Decedent;

    d.    failing to timely treat Decedent;

    e.    failing to timely diagnose an aortic aneurysm and/or dissection;

    f.    failing to timely treat an aortic aneurysm and/or dissection;

    g.    failing to timely order and obtain a surgical consultation;

    h.    failing to timely surgically treat an aortic aneurysm and/or dissection;

    i.      failing to timely medically treat an aortic aneurysm and/or dissection;

    j.      failing to order and/or complete proper radiology studies to evaluate Decedent's complaints;

    k.      failing to properly appreciate Decedent's risks and complaints as potentially related to an aortic aneurysm and/or dissection;

    l.      failing to order and/or perform a CT scan of Decedent's chest/thorax;

    m.      failing to order and/or perform a Trans-Esophageal Echocardiogram (TEE);

    n.      failing to order and/or perform a Trans-Thoracic Echocardiogram (TTE);

    o.      failing to order and/or perform an MRI or CT scan of Decedent's chest/thorax;

    p.      failing to order and obtain cardiothoracic surgical consult;

    q.      failing to order and obtain a consult by a cardiologist;

    r.      failing to recognize the signs, symptoms, and risk factors of a thoracic aortic aneurysm and/or dissection;

    s.      failing to order and obtain an ultrasound;

    t.      failing to order and obtain a chest x-ray;

    u.      failing to properly and/or timely intervene in Decedent's care to prevent his aortic aneurysm and/or dissection from bleeding and/or rupturing;

v.   failing to properly and/or timely intervene in Decedent's care to prevent his death; and

w.   failing to timely and/or properly communicate with other physicians/nurses regarding the care and treatment of Decedent.

67.   The careless and negligent acts and/or omissions of Dr. Koh, which acts and/or omissions are imputed to Abington Memorial Hospital, deviated from accepted standards of medical care, increased the risk of harm to the Decedent, and/or was a substantial factor and/or was a factual cause of said Decedent's suffering the injuries and/or damages set forth in ¶47 above and incorporated by reference hereat.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT VII - PROFESSIONAL NEGLIGENCE
## GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER
## V. MANOJ R. MUTTREJA, M.D.

68.   Paragraphs one (1) through sixty-seven (67) above are incorporated by reference hereat as if set forth at length.

69.     At all time material and relevant hereto, defendant Dr. Muttreja was the agent, ostensible agent, apparent agent, workman, employee, and/or servant of Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology and/or Abington Memorial Hospital, and failed to exercise the care, skill, and/or judgment of a reasonable healthcare provider under the circumstances, and his negligent and careless acts and/or omissions fell below the applicable standard of care in the following manner:

    a.     failing to properly diagnose Decedent;

    b.     failing to timely diagnose Decedent;

    c.     failing to properly treat Decedent;

    d.     failing to timely treat Decedent;

    e.     failing to timely diagnose an aortic aneurysm and/or dissection;

    f.     failing to timely treat an aortic aneurysm and/or dissection;

    g.     failing to timely order and obtain a surgical consultation;

    h.     failing to timely surgically treat an aortic aneurysm and/or dissection;

    i.     failing to timely medically treat an aortic aneurysm and/or dissection;

    j.     failing to order and/or complete proper radiology studies to evaluate Decedent's complaints;

k. failing to properly appreciate Decedent's risks and complaints as potentially related to an aortic aneurysm and/or dissection;

l. failing to order and/or perform a CT scan of Decedent's chest/thorax;

m. failing to order and/or perform a Trans-Esophageal Echocardiogram (TEE);

n. failing to order and/or perform a Trans-Thoracic Echocardiogram (TTE);

o. failing to order and/or perform an MRI or CT scan of Decedent's chest/thorax;

p. failing to order and obtain cardiothoracic surgical consult;

q. failing to order and obtain a consult by a cardiologist;

r. failing to recognize the signs, symptoms, and risk factors of a thoracic aortic aneurysm and/or dissection;

s. failing to order and obtain an ultrasound;

t. failing to order and obtain a chest x-ray;

u. failing to properly and/or timely intervene in Decedent's care to prevent his aortic aneurysm and/or dissection from bleeding and/or rupturing;

v. failing to properly and/or timely intervene in Decedent's care to prevent his death; and

w.     failing to timely and/or properly communicate with other physicians/nurses regarding the care and treatment of Decedent.

70.    The careless and negligent acts and/or omissions of Dr. Manoj, which acts and/or omissions are imputed to Abington Emergency Physicians Associates and/or Abington Memorial Hospital, deviated from accepted standards of medical care, increased the risk of harm to the Decedent, and/or was a substantial factor and/or was a factual cause of said Decedent's suffering the injuries and/or damages set forth in ¶47 above and incorporated by reference hereat.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

**COUNT VIII - VICARIOUS LIABILITY**
**GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V.   ABINGTON MEDICAL SPECIALISTS ASSOCIATION, P.C., d/b/a   ABINGTON MEDICAL SPECIALISTS, and d/b/a AMS CARDIOLOGY**

71.    Paragraphs one (1) through seventy (70) above are incorporated by reference hereat as if set forth at length.

72.    Defendant AMS is vicariously responsible for the acts and/or omissions of defendant Dr. Muttreja as detailed herein.

73.    Defendant AMS is vicariously responsible for the acts and/or omissions of its known and unknown agents, workmen, servants, and/or employees who provided negligent care and treatment to decedent Abraham Strimber.

74.    All allegations asserted against Dr. Muttreja as detailed above are incorporated herein by reference and made a part hereof as if set forth in full.

75.    The injuries and damages to decedent Abraham Strimber, his Estate, and/or his widow, Bracha Strimber, including those listed in ¶47 *supra*, were caused solely and wholly by reason of the negligence of the defendants, as set forth more fully herein, and were not caused or contributed thereto by any negligence on the part of Plaintiffs or Abraham Strimber.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT IX - VICARIOUS LIABILITY
## GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. ABINGTON EMERGENCY PHYSICIAN ASSOCIATES

76.    Paragraphs one (1) through seventy-five (75) above are incorporated by reference hereat as if set forth at length.

77.    Defendant Abington Emergency Physician Associates is vicariously responsible for the acts and/or omissions of defendant Dr. Fisher as detailed herein.

78.    Defendant Abington Emergency Physician Associates is vicariously responsible for the acts and/or omissions of its known and unknown agents, workmen, servants, and/or employees who provided negligent care and treatment to decedent Abraham Strimber.

79.    All allegations asserted against Dr. Fisher as detailed above are incorporated herein by reference and made a part hereof as if set forth in full.

80.    The injuries and damages to decedent Abraham Strimber, his Estate, and/or his widow, Bracha Strimber, including those listed in ¶47 *supra*, were caused solely and wholly by reason of the negligence of the defendants, as set forth more fully herein, and were not caused or contributed thereto by any negligence on the part of Plaintiffs or Abraham Strimber.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical

Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians

Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an

amount in excess of $75,000, exclusive of interest and costs.

### COUNT X - VICARIOUS LIABILITY
### GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. ABINGTON MEMORIAL HOSPITAL

81.     Paragraphs one (1) through eighty (80) above are incorporated by

reference hereat as if set forth at length.

82.     Defendant AMH is vicariously responsible for the acts and/or

omissions of defendants Dr. Fisher, Dr. Turner, Dr. Jani, NP Martinez, Dr.

Buddhdev, and Dr. Koh as detailed herein.

83.     Defendant AMH is vicariously responsible for the acts and/or

omissions of its known, including the nurses named *supra*, and unknown

agents, workmen, servants, and/or employees who provided negligent care and

treatment to decedent Abraham Strimber.

84.     All allegations asserted against Dr. Fisher, Dr. Turner, Dr. Jani, NP

Martinez, Dr. Buddhdev, and Dr. Koh, as detailed above are incorporated herein

by reference and made a part hereof as if set forth in full.

85.     The injuries and damages to decedent Abraham Strimber, his

Estate, and/or his widow, Bracha Strimber, including those listed in ¶47 *supra*

were caused solely and wholly by reason of the negligence of the defendants, as

set forth more fully herein, and were not caused or contributed thereto by any

negligence on the part of Plaintiffs or Abraham Strimber.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

### COUNT XI - CORPORATE NEGLIGENCE
### GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER
### V. ABINGTON MEMORIAL HOSPITAL

86.     Paragraphs one (1) through eighty-five (85) above are incorporated by reference hereat as if set forth at length.

87.     The corporate negligence of defendant AMH consisted of the following:

a.     A duty to select and retain only competent physicians, surgeons, residents, interns, nurses, technicians, and others who treated decedent Abraham Strimber, as described herein, including staff and/or employees that will ensure proper communication of all medical care and treatment, including emergency department care, and for enforcing policies and/or procedures to protect and/or mitigate the risk of harm to patients such as Abraham Strimber;

b.    A duty to use reasonable care in the maintenance of safe and adequate emergency department equipment and facilities for the treatment of decedent, Abraham Strimber;

c.    A duty to oversee all persons who practice medicine within its walls as to patient care, in particular the duty to oversee the physicians, surgeons, nurses, resident, interns, technicians, and others who treated decedent Abraham Strimber, as described herein, including staff and/or employees that will ensure proper communication of enforcing policies concerning protocol for medical conditions such as decedent Abraham Strimber's;

d.    A duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for patients, in particular to have rules and policies to:

    i.    Ensure physicians, surgeons, residents, interns, nurses, technicians, and/or other medical staff perform and/or document timely and proper patient assessments and/or evaluations;

    ii.    Ensure proper monitoring of patients while in the emergency department;

    iii.    Ensure proper monitoring of patients following admission from the emergency department;

    iv.    Ensure that all orders are timely and properly carried out;

v.     ensure that patient complaints are timely and appropriately assessed and responded to;

vi.    Ensure that changes in a patient's condition, including cardiovascular status and/or physical status are timely and properly communicated to physicians, surgeons, nurses, residents, interns, technicians, aides, and/or other personnel responsible for patient medical care and/or treatment;

vii.   Ensure policies and/or procedures and their enforcement concerning the admission of patients from the emergency department without a proper plan and/or diagnosis;

viii.  Ensure proper and timely communication and/or consultation of physicians;

ix.    Ensure proper training and supervision of emergency department staff;

x.     Ensure proper training and supervision of hospitalists, interns, residents, and specialists; and,

xi.    Ensure the use of proper diagnostic tools for emergency  department physicians, hospitalists, interns, residents, nurses, and other medical staff.

88.    The carelessness and negligence of defendant AMH as set forth above increased the risk of harm and was a substantiail factor and/or factual

cause in causing the injuries and damages suffered by Plaintiffs and decedent Abraham Strimber as set forth more fully herein, including those listed in ¶47 *supra.*

89.    Defendant AMH had actual and/or constructive knowledge of its failures, carelessness, and/or negligence as described above.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

**COUNT XII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
BRACHA STRIMBER V. STEVEN B. FISHER, M.D.; MARGO TURNER, M.D.;
ASHISH JANI, M.D.; KRISTINA A. MARTINEZ, CRNP; BHUVIN M.
BUDDHDEV, M.D.; EUN KYUNG KOH, M.D.; MANOJ R. MUTTREJA, M.D.;
ABINGTON MEDICAL SPECIALISTS ASSOCIATION, P.C., D/B/A ABINGTON
MEDICAL SPECIALISTS AND/OR D/B/A AMS CARDIOLOGY, ABINGTON
EMERGENCY PHYSICIANS ASSOCIATES AND
ABINGTON MEMORIAL HOSPITAL**

90.    Paragraphs one (1) through eighty-nine (89) above are incorporated by reference hereat as if set forth at length.

91.    At the time of the aforesaid incident of 2/22/2012, plaintiff Bracha Strimber was the wife of decedent Abraham Strimber.

92.    Plaintiff Bracha Strimber was present throughout the entirety of the care and treatment rendered by the defendants herein while her husband,

Abraham Strimber, was a patient at Abington Memorial Hospital on 2/22/2012, and observed the care, treatment, pain, suffering, anguish, and fear suffered by Abraham Strimber.

93.     As a direct and proximate result of the defendants' negligence and Bracha Strimber's sensory and contemporary observation of the care, treatment, pain, suffering, anguish, and fear of her husband, said plaintiff suffered and experienced severe emotional distress and extreme mental pain and suffering.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

### COUNT XIII – LOSS OF CONSORTIUM
**BRACHA STRIMBER V. STEVEN B. FISHER, M.D.; MARGO TURNER, M.D.; ASHISH JANI, M.D.; KRISTINA A. MARTINEZ, CRNP; BHUVIN M. BUDDHDEV, M.D.; EUN KYUNG KOH, M.D.; MANOJ R. MUTTREJA, M.D.; ABINGTON MEDICAL SPECIALISTS ASSOCIATION, P.C., D/B/A ABINGTON MEDICAL SPECIALISTS AND/OR D/B/A AMS CARDIOLOGY, ABINGTON EMERGENCY PHYSICIANS ASSOCIATES AND ABINGTON MEMORIAL HOSPITAL**

94.     Paragraphs one (1) through ninety-three (93) above are incorporated by reference hereat as if set forth at length.

95.    As a result of the negligence of the defendants herein, plaintiff Bracha Strimber has and will continue to suffer the loss of the services, support and consortium of her spouse, decedent Abraham Strimber.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT XIV – WRONGFUL DEATH
### GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. STEVEN B. FISHER, M.D.; MARGO TURNER, M.D.; ASHISH JANI, M.D.; KRISTINA A. MARTINEZ, CRNP; BHUVIN M. BUDDHDEV, M.D.; EUN KYUNG KOH, M.D.; MANOJ R. MUTTREJA, M.D.; ABINGTON MEDICAL SPECIALISTS ASSOCIATION, P.C., D/B/A ABINGTON MEDICAL SPECIALISTS AND/OR D/B/A AMS CARDIOLOGY, ABINGTON EMERGENCY PHYSICIANS ASSOCIATES AND ABINGTON MEMORIAL HOSPITAL

96.    Paragraphs one (1) through ninety-five (95) above are incorporated by reference hereat as if set forth at length.

97.    Plaintiffs bring this Wrongful Death action on behalf of the beneficiaries, under and by virtue of the Acts of 1855, P.L. 309, as amended, 42 Pa.C.S.A. §8301, the applicable Rules of Civil Procedure and decisional law.

98.    As a result of the negligence, wrongful conduct, and misconduct of defendants, as set forth above, decedent Abraham Strimber was caused grave

injuries and death resulting in the entitlement to damages by said beneficiaries under the Wrongful Death Act.

99.   Plaintiffs claim damages for all administrator's expenses suffered by reason of the death of decedent Abraham Strimber, including, but not limited to medical, hospital, funeral and burial expenses and expenses of estate administration and other expenses recoverable under the Wrongful Death Act.

100.  Plaintiffs claim damages for loss of the monetary support that decedent Abraham Strimber would have provided to beneficiaries during his lifetime, including, but not limited to earnings, maintenance, support, and other similar losses recognized under the Wrongful Death Act that they would have received from him for the rest of his natural life.

101.  Plaintiffs claim damages, under the Wrongful Death Act, for all pecuniary losses suffered by the beneficiaries.

102.  Plaintiffs claim, under the Wrongful Death Act, an amount to compensate beneficiaries for the losses of contribution between the time of death and today, and the amount of support that decedent Abraham Strimber would have contributed to them in the future.

103.  Plaintiffs claim, under the Wrongful Death Act, damages for services provided or which could have been expected to have been provided in the future by decedent Abraham Strimber, as well as household services.

104.  Plaintiffs claim, under the Wrongful Death Act, damages for loss of guidance, tutelage and other similar losses recognized under the Wrongful Death Act that would have been provided to the beneficiaries.

105.   Plaintiff Bracha Strimber, as the wife of decedent, claims, under the Wrongful Death Act, damages for her past and future loss of spousal consortium, services, society, support, guidance, tutelage, comfort and other similar losses recognized under the Wrongful Death Act.

106.   Plaintiffs claim, under the Wrongful Death Act, the full measure of damages allowed under the law and under the categories of administrator's expenses, support and services as defined under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

### COUNT XV – SURVIVAL ACTION
**GARY B. FREEDMAN, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF ABRAHAM STRIMBER AND BRACHA STRIMBER V. STEVEN B. FISHER, M.D.; MARGO TURNER, M.D.; ASHISH JANI, M.D.; KRISTINA A. MARTINEZ, CRNP; BHUVIN M. BUDDHDEV, M.D.; EUN KYUNG KOH, M.D.; MANOJ R. MUTTREJA, M.D.; ABINGTON MEDICAL SPECIALISTS ASSOCIATION, P.C., D/B/A ABINGTON MEDICAL SPECIALISTS AND/OR D/B/A AMS CARDIOLOGY, ABINGTON EMERGENCY PHYSICIANS ASSOCIATES AND ABINGTON MEMORIAL HOSPITAL**

107.   Paragraphs one (1) through one hundred and six (106) above are incorporated by reference hereat as if set forth at length.

108.   Plaintiffs bring this Survival Action on behalf of the Estate of Decedent Abraham Strimber, under and by virtue of 42 Pa.C.S.A. § 8302, the applicable Rules of Civil Procedure and decisional law.

109.   The beneficiaries, as described above, are entitled to the entire distribution of the Estate of Decedent Abraham Strimber.

110.   As a result of the negligence, wrongful conduct, and misconduct of all Defendants, as set forth above, decedent Abraham Strimber was caused grave injuries and death resulting in the entitlement to damages by said beneficiaries under the Survival Act.

111.   As a result of the death of decedent, his Estate has been deprived of the economic value of his life expectancy and Plaintiffs, Gary B. Freedman, Esquire, as Executor of the Estate of Abraham Strimber and/or his spouse, respectively, claim, under the Survival Act, damages for all pecuniary losses suffered by the Estate of Abraham Strimber as a result of his death, including all loss of income, earnings, retirement income and benefits and Social Security income, until death, as a result of said decedent's death.

112.   Plaintiffs further claim under the Survival Act the total amount that Decedent would have earned between today and the end of his life expectancy; Plaintiffs especially seek the total amount of future lost earning capacity, including, but not limited to the total amount of future lost earnings and earning capacity, including, but not limited to the total lost future net earnings for decedent Abraham Strimber, less his cost of personal maintenance.

113.   Plaintiffs further claim under the Survival Act, damages for embarrassment, humiliation, and mental anguish.

114.   Plaintiffs further claim under the Survival Act damages for the conscious pain and suffering, and inconvenience endured by decedent Abraham Strimber prio to his death, including, but not limited to physical pain and suffering, mental pain and suffering, and the fright and mental suffering attributed to the peril leading to said decedent's death.

115.   Plaintiffs claim the full measure of damages under the Survival Act and decisional law interpreting said Act.

WHEREFORE, Plaintiffs, Gary B. Freedman, Esquire, and Bracha Strimber, respectfully demand judgment in their favor, and against Steven B. Fisher, M.D., Margo Turner, M.D., Ashish Jani, M.D., Kristina A. Martinez, CRNP, Bhuvin M. Buddhdev, M.D., Eun Kyung Koh, M.D., Manoj R. Muttreja, M.D., Abington Medical Specialists Association, P.C., d/b/a Abington Medical Specialists, and/or d/b/a AMS Cardiology, Abington Emergency Physicians Associates, and/or Abington Memorial Hospital, jointly and/or severally, in an amount in excess of $75,000, exclusive of interest and costs.

Respectfully submitted,

By:   _____

Joseph S. Lukomski, Esquire
James E. Hockenberry, Esquire
*Counsel for Plaintiffs*

# V E R I F I C A T I O N

I, BRACHA STRIMBER, being duly sworn according to law, deposes and says that he/she is the Plaintiff herein; and, that the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of his/her knowledge, information and belief.  This statement is made subject to the penalties of 18 PA.C.S. Section 4904 relating to unsworn falsification to authorities.

*Bracha Strimber*

BRACHA STRIMBER

Dated:   _5-24-13_

# V E R I F I C A T I O N

I, GARY FREEMAN, being duly sworn according to law, deposes and says that he/she is the Plaintiff herein in the capacity of Executor of the Estate of Abraham Strimber; and, that the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of his/her knowledge, information and belief.  This statement is made subject to the penalties of 18 PA.C.S. Section 4904 relating to unsworn falsification to authorities.

GARY FREEDMAN, as Executor of the Estate
of Abraham Strimber

Dated: _____