IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY FREEDMAN, et al. | : | CIVIL ACTION |
| v. | : | |
| | : | |
| STEVEN FISHER, M.D., et al. | : | NO. 13-3145 |

**<u>MEMORANDUM & ORDER</u>**

Ditter, J.                                                                                                          June 11, 2014

      Plaintiffs, Gary Freedman, Esquire, administrator of the estate of decedent Abraham Strimber, and Bracha Strimber, wife of the decedent, initiated this suit against Abington Memorial Hospital ("AMH"), Abington Medical Specialists Association, Abington Emergency Physician Associates, and several physicians and other hospital personnel.[1]  Plaintiffs allege professional negligence and related state law claims regarding the treatment and diagnosis of Mr. Strimber when he presented to the Emergency Department at AMH on February 22, 2012, and died later that evening, allegedly from a ruptured ascending aortic aneurysm.  *See Compl.* ¶ 1.  Plaintiffs later amended their complaint to allege a claim against defendant AMH for violation of the Emergency Medical Treatment and Active Labor Act, ("EMTALA"), 42 U.S.C. § 1395dd(a).  *See* Dkt. 46 (Order granting Plaintiffs' motion to amend the complaint).

      Presently before me is Plaintiffs' motion to compel[2] production of two categories of documents from defendant AMH:  (1) redacted medical records of other patients who presented

---

[1] This action remains against individual defendants Steven Fisher, M.D., Margo Turner, M.D., Manoj Muttreja, M.D., and Ritesh Rampure, M.D.  All other individual defendants have been dismissed without prejudice.

[2] During a teleconference on June 3, 2014, I instructed Plaintiffs and AMH to file brief memoranda discussing their positions on the present discovery dispute as to the EMTALA claim.  *See* Dkt. 55.  Contrary to this order, Plaintiffs filed a motion to compel and addressed not only the issue of obtaining medical records relevant to their EMTALA claim, but also their request for production of information and medical records concerning another AMH patient, Linda Cohen.  Defendants then filed a memorandum discussing only the EMTALA discovery.  *See*

to the Emergency Department with chest pain around the time Mr. Strimber did; and (2) the medical records of AMH patient, Linda Cohen.[3]  AMH opposes the motion to compel and asserts that both sets of documents are not relevant and therefore not discoverable.  For the reasons that follow, the plaintiffs' motion to compel will be granted in part and denied in part.

First, Plaintiffs request medical information and medical records of all patients who presented to AMH's Emergency Department with a complaint of chest pain between February 8, 2012, and March 7, 2012.  *See Pls.' Mot. Compel* at 2.  The dates correspond to the two weeks prior to and the two weeks after Mr. Strimber's arrival at the hospital.  Plaintiffs request this information with names and specific identifying information redacted.

Plaintiffs contend that this information is discoverable because it is relevant to their EMTALA claim, which alleges that AMH departed from its standard screening procedures, and failed to perform a medical screening examination in accordance with its capabilities, when Mr. Strimber presented his complaints of chest pain to the Emergency Department and AMH did not take a chest x-ray.  *See Am. Compl.* ¶ 84; *see also* Dkt. 46 (Order noting that courts in this Circuit have interpreted EMTALA as requiring hospitals to provide uniform screening to all patients who present with substantially similar complaints).  Plaintiffs argue that they need this set of other patients' medical records in order to demonstrate that Mr. Strimber was treated differently than similarly-situated patients, and therefore, AMH failed to provide uniform screening in violation of EMTALA.

---

Dkt. 59.  Nevertheless, after conferring with all parties on June 10, 2014, counsel for AMH indicated that their memorandum was sufficient to serve as a formal response in opposition to the motion to compel and therefore, I have accepted it as such.

[3] Discovery related to Linda Cohen was discussed during a teleconference with all parties on May 6, 2014.  At that time, I denied Plaintiffs' requests on the grounds that the information was not relevant.  However, I informed Plaintiffs that they were permitted, as the Federal Rules allow, to file a formal motion if they so desired.

AMH's principal objection to this discovery request is that the information is not relevant because Mr. Strimber did not complain of chest pain when he presented at AMH. *See AMH Memo.* at 2-5. In support of this contention, AMH points to deposition testimony from two nurses and three physicians who testified that Mr. Strimber denied chest pain. *Id.* Conversely, Plaintiffs point to evidence in the record that they claim demonstrates that Mr. Strimber did complain of chest pain. *See, e.g.*, *Pl.'s Mot. Compel*, Exh. C, D; *Pls.' Reply*. Plaintiffs specifically point to notes in the Emergency Department records entered by a triage nurse stating, "COMPLAINT: CHEST PAIN." *See Pl.'s Mot. Compel*, Exh. C. AMH responds by pointing to deposition testimony of Mrs. Strimber wherein she testified that her husband never stopped at the triage desk. *See Def.'s Reply*. In other words, AMH acknowledges the triage notes but argues that they must be incorrect as Mr. Strimber did not report that information to the triage nurse. *See id.*

It is evident that whether or not Mr. Strimber complained of chest pain is a contested issue of fact, one that will be decided at a later date. However, at this stage the issue must be resolved in Plaintiffs' favor and this leads to reasonable discovery. I find that requesting the redacted medical records and information[4] of other patients who presented to the Emergency Department with complaints of chest pain in the two weeks before and two weeks after Mr. Strimber is reasonable and relevant to the plaintiffs' EMTALA claim.

Turning to the second set of documents Plaintiffs seek to compel, I find that the medical records and other information related to Linda Cohen, a patient at AMH who allegedly suffered from the same condition as Mr. Strimber, are not relevant. First, Plaintiffs request all documents

---

[4] Plaintiffs seek "patient sign-in sheet(s) and/or triage log(s)/sheet(s) for all patients between 2/8/2012 and 3/7/2012 **(all names and specific identifying information may be redacted).**" It is unclear what information can be gleaned from these documents if the names and identifying information are redacted. However, if anything relevant is available after redaction, AMH shall produce them.

related to the article published on AMH's website, titled *One Life, One Heart*, featuring Cohen's story, diagnosis and treatment. *See Pls.' Mot. Compel*, Exh. L. Plaintiffs are asking for an expansive list of documents, including, for example, interview notes, emails, drafts, correspondence with Cohen, any waivers she signed related to the story's publication, as well as policies regarding the posting of such stories on AMH's website. This information is not relevant to any claim or defense, relevant to the subject matter of the action, or reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

Second, the medical records of Linda Cohen are not relevant to either the EMTALA claim, the claims of malpractice, or AMH's defense. Proof of the EMTALA claim will be found, if at all, in a review of comparable patient records for the relevant time period. Plaintiffs do not allege that Cohen presented to the Emergency Department with chest pain during the four-week time period discussed above.[5] Thus, her medical records are not within the scope of reasonable discovery related to the EMTALA claim.

Nor are Cohen's medical records relevant to the malpractice claims. Under applicable Pennsylvania law, a plaintiff in a medical malpractice action must "prove by expert testimony (1) the prevailing standard of medical care accepted by the medical profession, and (2) that the care provided plaintiff deviated from and fell below such accepted standard." *Titchnell v. United States,* 681 F.2d 165, 166 (3d Cir. 1982). The standard of care Cohen, or any one patient in particular, received does not prove that the hospital, its related entities, or any of the individual physicians, violated the standard of care as to Mr. Strimber. Information related to Cohen's diagnosis and treatment will not aid in the determination of the sufficiency of care provided to Mr. Strimber and whether or not any defendant in this case committed professional negligence.

---

[5] The *One Life, One Heart* article states that Cohen went to the Emergency Department on March 17, although the year is not indicated. As discussed above, Plaintiffs have been granted access to the medical records of patients who presented to the Emergency Department between February 8, 2012, and March 7, 2012.

4

Finally, Plaintiffs' argument that this information is relevant to AMH's defense, namely that Mr. Strimber did not have chest pain, lacks merit. The fact that Cohen had pain that "mysteriously [] subsided" is simply irrelevant to whether Mr. Strimber did or did not have chest pain or whether he did or did not complain of that pain to anyone, or whether defendants treated him appropriately. *See Pls.' Mot. Compel* at 13. Nor does the fact that Cohen had pain that mysteriously disappeared prove that AMH knew why such pain might come and go.

For all of these reasons, Plaintiffs' motion to compel documents related to Cohen is denied. An appropriate order follows.