# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY B. FREEDMAN, ESQUIRE, Administrator of the ESTATE OF ABRAHAM STRIMBER, deceased, and BRACHA STRIMBER,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN FISHER, M.D., MARGO TURNER, M.D., ASHISH H. JANI, M.D., KRISTINA A. MARTINEZ, CRNP, BHUVIN M. BUDDHDEV, M.D., EUN KYUNG KOH, M.D., MANOJ R. MUTTREJA, M.D., ABINGTON MEDICAL SPECIALISTS ASSOCIATION, P.C. d/b/a ABINGTON MEDICAL SPECIALISTS, and d/b/a AMS CARDIOLOGY, ABINGTON EMERGENCY PHYSICIAN ASSOCIATES, and ABINGTON MEMORIAL HOSPITAL<br><br>Defendants. | CIVIL ACTION<br><br>NO. 2:13-CV-03145-CDJ |

## RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS OF DEFENDANTS, STEVEN FISHER, M.D. AND ABINGTON EMERGENCY PHYSICIAN ASSOCIATES

1. It is admitted that on 2/22/2012 Abraham Strimber presented to the Abington Memorial Hospital Emergency Department with a complaint of chest pain.

RESPONSE: After reasonable inquiry, the information known or readily obtainable by me is insufficient to enable me to admit or deny the corresponding request for admission. By way of further answer, Mr. Abraham Strimber did not complain of chest pain to me nor to several other providers, including nursing and physician staff.

2. It is admitted that on 2/22/2012 Steven Fisher, M.D. was the physician in the Abington Memorial Hospital Emergency who was responsible for the care and treatment of Abraham Strimber while Abraham Strimber was in the Emergency Department.

RESPONSE: Admitted in part; denied in part. It is admitted only that I was one of the physicians in the Emergency Department at Abington Memorial Hospital who was responsible for the care and treatment of Mr. Strimber while he was in the Emergency Department. It is denied that I was the physician in the Emergency Department at Abington Memorial Hospital who was responsible for the care and treatment of Mr. Strimber while he was in the Emergency Department.

3.   It is admitted that on 2/22/2013 Steven Fisher, M.D. was a physician in the Abington Memorial Emergency Department who was responsible for the care and treatment of Abraham Strimber while Abraham Strimber was in the Emergency Department.

RESPONSE: Admitted.

4.   It is admitted that Steven Fisher, M.D. did not order a chest x-ray to be performed upon Abraham Strimber on 2/22/2012.

RESPONSE: Admitted.

5.   It is admitted that the chest pain protocol order set attached hereto as Exhibit "A" was available to be utilized by staff in the Abington Memorial Hospital Emergency Department concerning any patient with a complaint of chest pain on 2/22/2012.

RESPONSE: Denied. By way of further answer, the protocol at Exhibit A can be utilized by staff in the Emergency Department at Abington Memorial Hospital in certain limited circumstances, which did not apply in this case.

6.   It is admitted that Abraham Strimber died on 2/22/2012 as a result of a thoracic aortic dissection.

RESPONSE: After reasonable inquiry, the information known or readily obtainable by me is insufficient to enable me to admit or deny the corresponding request for admission. By way of further answer, an autopsy was not performed so a definitive cause of death was not established.

7.   It is admitted that Steven Fisher, M.D. knew that Abraham Strimber had prior heart valve surgery during his care of Abraham Strimber.

RESPONSE: Admitted.

8.   It is admitted that Steven Fisher, M.D. was aware that Abraham Strimber reported a complaint of back pain while a patient in the Abington Memorial Hospital Emergency Department on 2/22/2012.

RESPONSE: Admitted.

9.   It is admitted that Steven Fisher, M.D.'s Emergency Department discharge diagnoses for Abraham Strimber on 2/22/2012 included "chest pain."

RESPONSE: Admitted. By way of further answer, see the transcript of my deposition testimony at which time I explained in detail the reasons for that entry into the medical record.

10. It is admitted that Abraham Strimber's cardiac markers were within normal limits while in the Abington Memorial Hospital Emergency Department on 2/22/2012.

RESPONSE: After reasonable inquiry, the information known or readily obtainable by me is insufficient to enable me to admit or deny the corresponding request for admission because the term "cardiac markers" is vague and not sufficiently identified in the corresponding request for admission.

11. It is admitted that a gastroenterologist was never consulted for Abraham Strimber on 2/22/2012 while he was at Abington Memorial Hospital.

RESPONSE: It is admitted only that I did not consult a gastroenterologist for Mr. Strimber on 2/22/2012 while he was at Abington Memorial Hospital. After reasonable inquiry, the information known or readily obtainable by me is insufficient to enable me to admit or deny whether any other medical providers consulted a gastroenterologist for Mr. Strimber on 2/22/2012 while he was at Abington Memorial Hospital.

12. It is admitted that a surgeon was never consulted for Abraham Strimber on 2/22/2012 while Abraham Strimber was at Abington Memorial Hospital.

RESPONSE: It is admitted only that I did not consult a surgeon for Mr. Strimber on 2/22/2012 while he was at Abington Memorial Hospital. After reasonable inquiry, the information known or readily obtainable by me is insufficient to enable me to admit or deny whether any other medical providers consulted a surgeon for Mr. Strimber on 2/22/2012 while he was at Abington Memorial Hospital.

13. It is admitted that with surgery to repair a thoracic aortic dissection, less than 16 percent of patients will not survive or will suffer a major complication like a stroke or heart attack.

RESPONSE: After reasonable inquiry, the information known or readily obtainable by me is insufficient to enable me to admit or deny the corresponding request for admission.

14. It is admitted that individuals with a prior history of aortic valve replacement surgery are at a higher risk for developing a thoracic aortic dissection than individuals who have not had aortic valve replacement surgery.

RESPONSE: Admitted.

15. It is admitted that the article titled *One Life, One Heart One Hospital* attached hereto as Exhibit "B" was posted on the website www.abingtonhealth.com.

RESPONSE: Denied.

16. It is admitted that Abington Memorial Hospital's website domain name is www.abingtonhealth.com.

RESPONSE: Denied.

17. It is admitted that Exhibit "B" is a true and accurate production of an article posted on American Memorial Hospital's website.

RESPONSE: Denied.

18. It is admitted that individuals with thoracic aortic aneurysms can initially present with chest pain, which later subsides.

RESPONSE: Admitted.

19. It is admitted that individuals with thoracic aortic dissections can initially present with chest pain, which later subsides.

RESPONSE: Admitted.

20. It is admitted that Abington Memorial Hospital is responsible for the content of the material placed on the website www.abingtonhealth.com.

RESPONSE: Denied.

21. [Missing from original.]

22. It is admitted that Manjo R. Muttreja, M.D.'s privileges have been suspended by Abington Memorial Hospital.

RESPONSE: After reasonable inquiry, the information known or readily obtainable by me is insufficient to enable me to admit or deny the corresponding request for admission.

23. It is admitted that Rohinton Morris, M.D. was the chief of the Division of Cardiothoracic Surgery at Abington Memorial Hospital on 2/22/2012.

RESPONSE: After reasonable inquiry, the information known or readily obtainable by me is insufficient to enable me to admit or deny the corresponding request for admission.

POST & SCHELL, P.C.

BY: *[signature]*

DATED: 4/25/14

DONALD N. CAMHI, ESQUIRE
I.D. # 41026
POST & SCHELL, P.C.
FOUR PENN CENTER
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103
215-587-1000
E-MAIL: DCAMHI@POSTSCHELL.COM

## VERIFICATION

I, Steven F. Fisher, M.D., individually and as an authorized representative of Abington Emergency Physician Associates, hereby verify that Abington Emergency Physician Associates and I are Defendants to this action, and that the statements made in the foregoing Response to Plaintiffs' Requests for Admissions are true and correct to the best of my knowledge, information and belief. I understand that the statements made therein are subject to the penalties relating to unsworn falsification to authorities.

Dated:

By: _____
Steven F. Fisher, M.D.

#156152/STRIMBER

5

## CERTIFICATE OF SERVICE

I, Donald N. Camhi, Esquire, attorney for Defendants, Steven Fisher, M.D. and Abington Emergency Physician Associates, hereby state that a true and correct copy of the foregoing document sent by first-class mail, postage prepaid on the date set forth below, was served upon the following individual(s):

H. Leon Aussprung, III
James E. Hockenberry, Esquire
**Law Office of Leon Aussprung MD, LLC**
121 South Broad Street
20th Floor
Philadelphia, PA 19107

James A. Young, Esquire
Heather A. Tereshko, Esquire
**Christie Pabarue and Young**
1880 J.F.K. Blvd., 10th Floor
Philadelphia, PA 19103

John J. Shusted, Esquire
**German, Gallagher & Murtagh, P.C.**
The Bellevue, Suite 500
200 South Broad Street
Philadelphia, PA 19102

POST & SCHELL, P.C.

BY: *(signature)*

DATED: 4/25/14

DONALD N. CAMHI, ESQUIRE
I.D. # 41026
POST & SCHELL, P.C.
FOUR PENN CENTER
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103
215-587-1000
E-MAIL: DCAMHI@POSTSCHELL.COM