IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY FREEDMAN, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN FISHER, M.D., et al. | : | No. 13-3145 |
| Defendants | : | |

**MEMORANDUM**

Ditter, J.                                                                                      October 28, 2014

Presently before me is Plaintiffs' motion to strike an errata sheet dated 10/2/2014 filed by Defendant Margot Turner, M.D.[1] For the reasons that follow, I will grant the plaintiffs' motion to strike.

Dr. Turner was deposed on March 18, 2014. On March 28, 2014, Dr. Turner's deposition transcript was certified and sent to Dr. Turner's counsel with instructions to complete the errata sheet within 30 days. On October 6, 2014, over 5 months after the errata sheet was due, Dr. Turner submitted an errata sheet changing her testimony in 6 different places. Five of those changes revise her testimony to state that a "registration clerk" rather than "triage nurse" recorded Mr. Strimber's "chest pain." The last change revises Dr. Turner's reference to information regarding Mr. Strimber's "chief complaint"

---

[1] Presumably, this motion also applies to Dr. Turner's 10/10/2014 revised errata sheet. The revised errata sheet was issued on the same day that the plaintiffs filed the instant motion to strike.

of "chest pain." Although Dr. Turner testified she derived that information from the "ER triage information," the errata sheet changes that statement to reflect that the information was obtained from the "ER chief complaint," presumably to correct her testimony to reflect that the registration clerk recorded this information rather than the triage nurse.

Federal Rule of Civil Procedure 30(e) provides a method by which a deponent may correct his or her deposition. However, the procedural requirements of Rule 30(e) are clear and mandatory. First, before the deposition is completed, the deponent must request an opportunity to make corrections. Second, those corrections must be submitted within 30 days after the court reporter has completed the deposition, and finally, the deponent must state an adequate reason for the changes. *EBC Inc. V. Clark Building Systems, Inc.*, 618 F. 3d 253, 265 (3d Cir. 2010).

Here Dr. Turner failed to submit her proposed changes within the clear and mandatory 30-day requirement, nor are her reasons adequate. It follows the errata sheet must be stricken.

Even if Dr. Turner had met the rule's procedural requirements, I would still strike the errata sheet because the proposed changes would only confuse the record and perhaps lead to an alteration of the whole tenor of her testimony.

It is quite clear from everything that Dr. Turner did, including the tests she ordered (telemetry, cardiac enzymes, and an EKG), her request for a cardiologist consult, her admission of Mr. Strimber to the hospital, and the findings that she entered on Mr.

Strimber's records, were all consistent with the conclusion that she then believed Mr. Strimber had complained of chest pain to the triage nurse. Indeed, at her deposition, Dr. Turner stated that she believed that Mr. Strimber had chest pain. *See* Dr. Turner Dep., 3/18/14, at 54. Dr. Turner also testified that she admitted Mr. Strimber to the hospital, because a "61-year-old man with a history of aortic valve surgery complaining of chest pain in triage and having abdominal pain is someone who warrants admission for further evaluation." *See* Dr. Turner Dep., 3/18/14, at 114-115.

The important question at the time, and now, is not the source of information about chest pain, but what Dr. Turner believed and what she did or did not do.

Dr. Turner interpreted the records to indicate that the triage nurse had recorded Mr. Strimber's complaints of chest pain. That was a reasonable assumption given that the triage nurses's initials followed the notation that chest pain was Mr. Strimber's chief complaint. Dr. Turner's course of action was dictated by the knowledge of a complaint of chest pain.

The only purpose for the changes proposed in the errata sheets would be to provide a basis for Dr. Turner to testify that she would not have acted as she did if she had known that the entry of chest pain on Mr. Strimber's records had not been made by the triage nurse. Moreover, she might seek to alter her deposition to say she didn't now believe Mr. Strimber had chest pain.

The errata sheets submitted by Defendant Margo Turner, M.D., are untimely and

would likely lead to a change in her testimony that might lead to testimony that would be grossly unfair to Plaintiffs. As a result, Plaintiffs' motion to strike is granted.

An appropriate order follows.