IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY B. FREEDMAN, ESQUIRE,<br>Administrator of the ESTATE OF ABRAHAM<br>STRIMBER, Deceased<br>   and<br>BRACHA STRIMBER<br><br>v.<br><br>STEVEN FISHER, M.D.,<br>MARGO TURNER, M.D.,<br>KRISTINA A. MARTINEZ, CRNP,<br>MANOJ R. MUTTREJA, M.D.,<br>ABINGTON MEDICAL SPECIALISTS<br>ASSOCIATION, P.C., D/B/A ABINGTON<br>MEDICAL SPECIALISTS AND D/B/A AMS<br>CARDIOLOGY,<br>ABINGTON EMERGENCY PHYSICIAN<br>ASSOCIATES AND<br>ABINGTON MEMORIAL HOSPITAL | No. 2:13-cv-03145-CDJ |

**ORDER REGARDING TRIAL TESTIMONY ON
LEGAL CONCLUSIONS THAT
EMTALA WAS OR WAS NOT VIOLATED**

On this _____ day of _____, 2014, it is hereby ORDERED that

Plaintiff's Motion *in Limine* is GRANTED and ANY AND all Testimony concerning the

legal conclusion that EMATALA was or was not violated shall be precluded at trial.

_____
                                                                                                                       J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY B. FREEDMAN, ESQUIRE, Administrator of the ESTATE OF ABRAHAM STRIMBER, Deceased and BRACHA STRIMBER <br><br> v. <br><br> STEVEN FISHER, M.D., MARGO TURNER, M.D., KRISTINA A. MARTINEZ, CRNP, MANOJ R. MUTTREJA, M.D., ABINGTON MEDICAL SPECIALISTS ASSOCIATION, P.C., D/B/A ABINGTON MEDICAL SPECIALISTS AND D/B/A AMS CARDIOLOGY, ABINGTON EMERGENCY PHYSICIAN ASSOCIATES AND ABINGTON MEMORIAL HOSPITAL | No. 2:13-cv-03145-CDJ |

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR
ALL TESTIMONY AT TRIAL CONCERNING
LEGAL CONCLUSIONS THAT
<u>EMTALA WAS OR WAS NOT VIOLATED</u>**

AND NOW, comes the Plaintiffs Bracha Strimber and the Estate of Abraham Strimber, Deceased, ("Plaintiffs"), by and through their attorney, Leon Aussprung, Esq., of the Law Firm of Leon Aussprung, M.D., LLC, who files this Motion *in Limine* to bar Defendants from introducing at trial any and all testimony concerning legal conclusions that EMATALA was or was not violated. In support thereof, Plaintiffs aver as follows:

1. This medical malpractice and EMTALA case involves allegations against multiple physicians and Abington Memorial Hospital ("Defendants") concerning, *inter*

*alia*, Defendants' failure to timely diagnose and treat a thoracic aortic dissection and failing to provide a proper medical screening examination resulting in Decedent's death.

2. Defendants deny liability and assert, *inter alia*, that there was no violation of EMTALA.

3. In support of their assertion that EMTALA was not violated, Defendants have proffered, *inter alia*, the expert reports of Dr. Chansky and Dr. Harrigan. See Expert Report of Dr. Chansky, dated September 4, 2014, supplemental expert report of Dr. Chansksy, dated September 19, 2014, and expert report of Dr. Harrigan, dated August 14, 2014, attached hereto as Exhibits "A," "B," and "C," respectively.

4. These defense experts have both opined on the ultimate legal issue that the hospital and its staff did not "violate EMATALA." Exhibit "A," at p.11; see also Exhibit "B," at p.1 and Exhibit "C," at p.1.

5. Moreover, at the deposition of Dr. Chansky, he again opined to the ultimate legal conclusion that EMTALA was not violated. See deposition of Dr. Chansky, at pp.107-108, attached hereto as Exhibit "D."

6. Trial testimony by witnesses, whether fact witnesses or expert witnesses, concerning legal conclusions is simply not permissible. See, e.g., Guzman v. Memorial Hermann Hospital System, 637 F.Supp.2d 646, 477 (S.D.Tex. 2009) (*citing* Martinez v. Porta, 601 F.Supp.2d 865, 866-67 (N.D.Tex 2009) (holding that expert opinions as to whether hospital violated EMTALA were inadmissible legal conclusions)). A copy of Guzman v. Memorial Hermann Hospital System is attached hereto as Exhibit "E" for the Court's convenience.

7. Like in the instant case, the <u>Guzman</u> court specifically held in a case involving an allegation of an EMTALA violation that an expert witness was not permitted to offer the legal conclusion of whether or not EMTALA was violated. <u>Id.</u> at 477

8. Moreover, although Federal Rule of Evidence 704(a) generally permits an expert opinion that "embraces an ultimate issue," this Rule has been specifically interpreted by the courts to not apply to legal conclusions, which remain impermissible testimony. <u>See</u> <u>C.P. Interests, Inc. v. Califormia Pools, Inc.</u>, 238 F.3d 690, 697 (5th Cir. 2001).

9. For all the reasons discussed herein, any and all testimony concerning the ultimate conclusion of whether or not EMTALA should be precluded at trial.

**WHEREFORE**, Plaintiffs respectfully request that the instant Motion *in Limine* be granted and that the attached Order be entered precluding Defendants from introducing at trial any testimony a concerning the legal conclusion that EMATALA was or was not violated

                                              Respectfully submitted,

                                              **LAW OFFICE OF**
                                              **LEON AUSSPRUNG MD, LLC**

By: _____
                                            LEON AUSSPRUNG, ESQUIRE

## CERTIFICATE OF SERVICE

I, Leon Aussprung, Esquire, hereby certify that on this 17th day of November 2014, I caused a true and correct copy of the foregoing Plaintiffs' MIL to be served upon the following persons via electronic filing:

Donald Camhi, Esquire
Post & Schell, P.C.
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103

Heather Tereshko, Esquire
James Young, Esquire
Christie, Pabarue, Mortensen and Young
1880 John F. Kennedy Boulevard, 10th Floor
Philadelphia, PA 19103

John Shusted, Esquire
German, Gallagher & Murtagh
The Bellevue – Suite 500
200 S. Broad Street
Philadelphia, PA 19102

LAW OFFICE OF
LEON AUSSPRUNG MD, LLC

By: _____
LEON AUSSPRUNG, ESQUIRE
Attorney for Plaintiffs