IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY FREEDMAN, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN FISHER, M.D., et al. | : | No. 13-3145 |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**AND NOW**, this 2nd day of February, 2015, upon consideration of Defendant Abington Memorial Hospital's ("AMH") motion for "Reconsideration of the Court's Prior Order Granting Plaintiff's Leave to File the Amended Complaint" (Doc. No. 87), I make the following findings and reach the following conclusions:

1. AMH filed the instant motion on October 20, 2014, seeking reconsideration of my May 6, 2014 Order granting the plaintiffs' motion to amend its complaint. Defendant AMH argues that I should reconsider that order because the plaintiffs "delayed in bringing their EMTALA claim until crucial discovery had been completed in this case" thus prejudicing AMH's defense of the EMTALA claim. *See* Reply Mem. of Law (Doc. No. 87) at 2, 5 (citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2005) (it is proper to vacate a prior order granting leave to amend and to strike the amended complaint, rather than to deny relation back, upon a finding of undue delay in moving for leave to amend)); *see also Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005) (noting that pre-trial orders from which no interlocutory appeal may be taken "remain open to trial court reconsideration" until the entry of judgment) (citation omitted). A finding of undue delay would justify striking the plaintiffs' amended complaint thereby eliminating the plaintiffs' EMTALA claim.

2. Here, AMH has failed to establish undue delay and has failed to justify the timing of its motion for reconsideration. In the plaintiffs' original motion to amend, they alleged that they "first learned of an alleged EMTALA violation at the time of Dr. Turner's deposition when a document was

produced prior to the start of her deposition by counsel for Abington Memorial Hospital evidencing that a standard order set used at the Abington Memorial Hospital Emergency Department required a chest x-ray be given to all patients complaining of chest pain." *See* Pls' Mot. to Amend (Doc. No. 42), at 4. The plaintiffs received this information on March 18, 2014, and filed their motion to amend on April 15, 2014. AMH had the opportunity to present the instant arguments regarding undue delay in the initial response to the motion to amend as well as its sur-reply. AMH does not point to any new evidence or manifest injustice which would compel reconsideration and makes no effort to justify the filing of its motion for reconsideration more than five months after the issuance of my order granting the plaintiffs' motion to amend. As AMH's motion to reconsider is an attempt to relitigate the issue of amending the plaintiffs' complaint, the motion is without merit.

Accordingly, **I HEREBY ORDER** that Abington Memorial Hospital's motion to reconsider (Doc. No. 87), is **DENIED**.

BY THE COURT:

/s J. William Ditter, Jr.
**J. WILLIAM DITTER, JR., J.**