# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY B. FREEDMAN, ESQUIRE, Administrator of the ESTATE OF ABRAHAM STRIMBER, deceased<br><br>and<br><br>BRACHA STRIMBER<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN FISHER, M.D., *et al.*<br><br>Defendants. | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA<br><br>No.: 2:13-cv-3145 |

### PLAINTIFFS' MOTION FOR LEAVE TO COMPROMISE AND SETTLE CLAIM PURSUANT TO 20 Pa.C.S.A. §3323(a) AND (b), Pa.R.C.P. 2206(b)(1) AND LOCAL RULE 41.2

Plaintiff Bracha Strimber, both individually and in her capacity as Administrator D.B.N. of the Estate of Abraham Strimber, deceased (hereafter "Plaintiff"), hereby file this *Motion for Leave to Compromise and Settle Claim Pursuant to 20 Pa.C.S.A. §3323(a) and (b), Pa.R.C.P. 2206(b)(1) and Local Rule 41.2* and avers the following in support thereof:

I.      FACTS AND BACKGROUND

1.      This medical professional negligence Civil Action was initially a diversity action filed against various defendants on 6/7/2013 in the United States District Court for the Eastern District of Pennsylvania. (Rec. Doc. #1).

2. The gist of the action was that the physicians failed to diagnose Abraham Strimber as suffering from an aortic dissection on 2/22/2012 when he presented to defendant Abington Memorial Hospital's ("AMH") Emergency Department.

3. Abraham Strimber was initially seen and treated by the Emergency Department physician Steven Fisher, M.D., and was subsequently admitted and came to be cared for by defendant Margo Turner, M.D. After his discharge to the AMH observation unit Mr. Strimber was also seen and examined by a cardiologist, Manoj Muttreja, M.D. All of these physicians failed timely to diagnose Mr. Strimber has suffering from an aortic dissection.

5. Mr. Strimber died later that evening while in the outpatient/observation unit at AMH as a result of the aortic dissection/ruptured aneurysm.

6. As Abraham Strimber died intestate on 2/22/2012, the Register of Wills for Philadelphia County, No.: A4571-2012, granted Letters of Administration to Gary B. Freedman, Esquire, a licensed attorney in the Commonwealth of Pennsylvania, on November 14, 2012, thereby granting him authority to act on behalf of the Estate of Abraham Strimber in accordance with the Pennsylvania Estates and Fiduciary Code. (See Exhibit "A" attached hereto).

7. Throughout this litigation therefore, the Plaintiffs have been Gary Freedman, Esquire, the Administrator of the Estate of Abraham Strimber, and Bracha Strimber, the surviving wife of Abraham Strimber.

8. On July 14, 2015, a Decree was issued by Ronald R. Donatucci, Esquire, the Register of Wills for Philadelphia County, accepting the resignation of Gary B. Freedman, Esquire, as the Administrator of the Estate of Abraham Strimber and appointing Plaintiff as the Administrator D.B.N. (See Exhibit "B" attached hereto).

9. Following discovery in this matter, Plaintiffs' filed a *Motion to Amend* their Civil Action Complaint to add a Count for a violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §1395dd, ("EMTALA"), and to add as a defendant another physician, Ritesh Rampure, M.D. (Rec. Doc. #42). This Honorable Court granted Plaintiffs' *Motion to Amend* on 5/6/2014 (Rec. Doc. #46) and on that same date Plaintiffs' Amended Complaint was filed asserting a claim against Ritesh Rampure, M.D. and Abington Memorial Hospital for a violation of EMTALA. Dr. Rampure was subsequently dismissed from this matter.

10. Following the exchange of expert reports and expert witness depositions, the parties agreed to remove this matter from the U.S. District Court for the Eastern District of Pennsylvania and proceed with a binding arbitration before a Jerry P. Roscoe, Esquire, of JAMS Arbitration, Mediation and ADR Services, who is a highly-qualified, experienced international and national arbitrator and mediator. (See Profile of Jerry P. Roscoe attached hereto as Exhibit "C").

11. The parties proceeded to a binding arbitration before Jerry P. Roscoe, Esquire, on July 13, 2015, and the state-law professional negligence claim as well as the federal EMTALA claim were tried before him.

12. Mr. Roscoe's decision was provided to all counsel on Thursday, 7/23/2015, detailing his findings and award. Mr. Roscoe found that neither Dr. Fisher nor Dr. Turner were negligent, but that Dr. Muttreja was 100% negligent and that Dr. Muttreja's negligence was a factual cause in harming Mr. Strimber. Mr. Roscoe found in favor of defendant AMH on the EMTALA claim. (See *Verdict Sheet* attached hereto as Exhibit "D").

13. Mr. Roscoe's award totaled $791,520.00, which included $91,520 for the survival claim and $700,000 for the wrongful death claim, (*Id.*), thus approval for the same is required by 20 Pa.C.S.A. §3323[1] with regard to the survival action damages as they are part of the Estate of Abraham Strimber as well as Pa.R.C.P. 2206(b), which requires approval for wrongful death actions (which are not part of the Estate).

14. The parties had agreed prior to the arbitration to certain parameters of any award, to wit, a "high-low" agreement, wherein, under the terms of the agreement, any payment by any <u>individual</u> defendant would not exceed $500,000.

15. Thus, Plaintiffs' total recovery in this matter from Dr. Muttreja is reduced from $791,520.00 to $500,000 in accordance with the parties' Arbitration Agreement.

16. As the survival claim award is approximately 11.56% of the total award, using a *pro rata* approach, the total allocation to the survival claim would be **$57,800** and the total allocation to the wrongful death claim would be **$442,200**, for a total of $500,000.

17. Plaintiffs' counsel's contingency fee agreement provided for a 40% contingency fee calculated from the gross recovery as well as reimbursement of litigations costs and expenses. (See Exhibit "E" attached hereto).

18. Plaintiffs' counsel has incurred costs in the amount of **$69,022.09** in the prosecution of this matter, which are itemized and detailed as Exhibits "F," "G", and "H" attached hereto[2].

---

[1] 20 Pa.C.S.A. 3323(b)(1) permits "**any court**" in which the a court action is pending to approve any settlement and/or compromise.

[2] $2,795.13 represents costs incurred at counsel's prior law firm, Robert A. Rovner, P.C., and hence are a separate itemization. The copy, scanning and phone charges total **$4,102.98** and appear in Exhibit "H" under the title of Shrager, Spivey & Sachs, with whom Plaintiff's counsel shares photocopiers and phones.

19. These costs include costs for litigation-related expenses, trial expenses, medical records, expert costs, including expert depositions, and copying and scanning costs, as evidenced by the attached itemized statements.

20. This 40% fee on the gross settlement amount is warranted here because of the amount of work, complexity of issues, and the exceptional outcome of a very complicated case, involving difficult and vigorously contested issues concerning liability, causation, and damages, across three (3) medical specialties, as well as a federal Emergency Medical Treatment and Active Labor Act claim. Also, there is no minor's interest. The factors addressing the reasonableness of counsel's fee are set forth as follows:

(a) Amount of Work. This was a very complex medical malpractice involving claims against three (3) separate medical specialists, to wit, emergency medicine, internal medicine, and cardiology, in a case that required significant preparation and difficult and sophisticated legal work. The undersigned counsel put forth significant effort and developed substantial work-product including factual investigation, development of litigation strategy, litigation, preparation of numerous pleadings, including both filing for partial summary judgment and responding to a motion for summary judgment, written and oral discovery, numerous depositions, expert consultations, expert depositions, legal research, and extensive pre-trial preparation.

(b) The Character of the Services. This case involved a significant amount of legal work and skill, requiring the attention and dedication of the undersigned attorneys. Defendants contested liability and causation, requiring the undersigned to litigate extensively for approximately two (2) years, which was time consuming

and required the focus, dedication, and attention of significant resources. In addition, the undersigned advanced all costs of the litigation and risked approximately **$62,123.98** in costs and expenses pending the outcome of the case.

(c) <u>Amount of Money in Question</u>. The result achieved in this case, an arbitration award reduced to the parameters of the high-low binding arbitration agreement to $500,000.00, is an exceptional result for a medical negligence case with contested liability and causation. The net sum available after deduction of attorney's fees and reimbursement of legal costs and expenses will fairly compensate the decedent's estate and wrongful death beneficiaries.

(d) <u>The Fund Was Created by the Attorney</u>. The settlement amount is directly attributable to the undersigned's creation of the settlement fund, which was the product of extensive litigation and settlement negotiations.

(e) <u>The Professional Skill and Standing of the Attorneys in Their Profession</u>. Leon Aussprung, Esquire, of The Law Office of Leon Aussprung, M.D., LLC, practices in the specialized area of medical malpractice. He has significant medical expertise and experience litigating cases similar to this case involving medical negligence and maintains high standing in the legal community. Additionally, Leon Aussprung, Esquire is a physician-attorney, who also has a medical degree (M.D.) and many years of experience as both a physician and as an attorney.

(f) <u>The Results Obtained</u>. The $500,000.00 settlement amount is exceptional given the complex issues involving medical negligence and the particular facts and circumstances of this case.

21. Therefore, the net recovery is **$230,997.88** and is calculated as follows:

$500,000.00   (Gross Recovery)

($200,000.00) (Counsel Fees)

---

$300,000.00

($69,022.09)  (Costs)

---

**$230,977.91**   (Net Recovery)

22. Applying the *pro rata* allocation between wrongful death and survival action as stated in ¶16 *supra*, the net recovery of $230,977.91 is allocated as follows:

$26,701.05 (11.56% allocated to survival action damages)

$204,276.86 (88.44% allocated to wrongful death damages)

23. With regard to the survival damages of $26,701.05, the same pass through the Estate of Abraham Strimber and are distributed in accordance with his Last Will and Testament, which is attached hereto as Exhibit "I." In accordance with this Last Will and Testament, his entire Estate is bequeathed and devised to Bracha Strimber, who as his spouse will pay no Pennsylvania Inheritance Tax on said proceeds.

24. With regard to the wrongful death proceeds of $204,276.86, Decedent Abraham Strimber has two (2) adult children, Joshua Strimber and Shayna Cohn, both of whom are issue of Bracha Strimber as well, and both of whom suffered a pecuniary loss and are entitled to recovery from the wrongful death proceeds along with Plaintiff Bracha Strimber, the widow of Abraham Strimber.

25. 42 Pa.C.S.A. 8301(b) provides as follows with regard to the right of beneficiaries to recovery wrongful death proceeds and the distribution thereof:

> **(b) Beneficiaries.**--Except as provided in subsection (d), the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased, whether or not citizens or residents of this Commonwealth or elsewhere. **The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy** and without liability to creditors of the deceased person under the statutes of this Commonwealth.

26. In the case of intestacy, 21 Pa.C.S.A. §2102 provides as follows:

> The intestate share of a decedent's surviving spouse is:
>
> \* \* \*
>
> **(3) If there are surviving issue of the decedent all of whom are issue of the surviving spouse also, the first $30,000 plus one-half of the balance of the intestate estate.**

27. As noted above, with regard to the net survival damages of $26,703.35, which passes through the Estate of Abraham Strimber, Plaintiff Bracha Strimber is entitled to 100% of the same in accordance with the Last Will and Testament of Abraham Strimber. (See Exhibit "I")

28. With regard to the net wrongful death proceeds allocation of $204,276.86, which includes the loss of consortium claim for Bracha Strimber, the three (3) beneficiaries are Bracha Strimber, Joshua Strimber, and Shayna Cohn, who share as follows in accordance with 42 Pa.C.S.A. 8301(b) and 21 Pa.C.S.A. §2102:

  A. Bracha Strimber: - $30,000 plus ½ of the balance of $174,276.86, or $87,138.43, for a total of **$117,138.43**

  B. Joshua Strimber: ½ of $87,138.43, or a total of **$43,569.22**

    C.  Shayna Cohn: ½ of $87,138.43, or a total of **$43,569.21**

29. In addition, neither Plaintiff nor Plaintiffs' counsel is aware of any Medicaid, Medicare, or other healthcare liens, as Abraham Strimber died as a result of the alleged negligence and was not treated as a result of the negligence.

30. The undersigned counsel is of professional opinion that the arbitration award by Jerry Roscoe, Esquire, is fair and equitable based upon numerous considerations, including the contested liability, causation, and damages. Plaintiff's counsel has set forth the same in a separate Verification attached hereto as Exhibit "J."

31. Counsel further submits that the settlement represents a sum which, after deduction of attorney's fees and reimbursement of all legal costs, will fairly and adequately compensate Plaintiff and Joshua Strimber and Shayna Cohn, the Plaintiff's and Decedent's adult children and wrongful death beneficiaries.

32. The terms of the proposed settlement and the manner of allocation and distribution have been explained to Plaintiff Bracha Strimber, who requests that this Honorable Court approve of the proposed settlement, as well as the allocation and distribution of settlement proceeds, as set forth herein. In support hereof, Plaintiff has set forth her own separate Verification in support of this Petition, which is attached hereto as Exhibit "K."

WHEREFORE, Plaintiff Bracha Strimber, as Administratrix D.B.N. of the Estate of Abraham Strimber, deceased, respectfully requests that this Honorable Court grant her *Motion for Leave to Compromise and Settle Claim Pursuant to 20 Pa.C.S.A. §3323(a) and (b), Pa.R.C.P. 2206(b)(1) and Local Rule 41.2* and enter the attached proposed Order regarding the same.

Respectfully submitted,

By: */s/ H. Leon Aussprung, M.D./James E. Hockenberry*
H. Leon Aussprung, III, M.D., Esquire
James E. Hockenberry, Esquire
*Counsel for Plaintiffs*